IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN J. BONATO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 C 2046 |
| v. | ) |
| | ) Magistrate Judge |
| CAROLYN W. COLVIN, Acting | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kevin Bonato's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 10] is granted, the Commissioner's motion for summary judgment [Doc. No. 18] is denied, and the matter is remanded for proceedings consistent with this opinion.

## BACKGROUND

### I. PROCEDURAL HISTORY

Plaintiff filed a DIB application on November 29, 2010 alleging an onset date of May 4, 2009 due to spinal stenosis, hypoxic ischemic encephalopathy, post-traumatic stress disorder ("PTSD"), depression, and nerve damage. (R. 58, 210-21.)

The application was denied initially and upon reconsideration. (R. 58-59.) After both denials, Plaintiff filed a hearing request on August 12, 2011 pursuant to 20 C.F.R. § 404.929 et seq. that was scheduled on August 8, 2012 before an Administrative Law Judge ("ALJ"). (R. 40-56, 76-77.) Plaintiff appeared for his hearing along with his representative. (40-56.) A Vocational Expert ("VE") was also present to offer testimony. (*Id.*) On September 4, 2012, the ALJ issued a written determination finding Plaintiff not disabled and denying his DIB application. (R. 17-32.) The Appeals Council denied further review on January 17, 2014. (R. 1-2.)

## II.   ALJ DECISION

On September 4, 2012, the ALJ issued a written opinion denying Plaintiff's DIB application. (R. 17-32.) As an initial matter, the ALJ determined that Plaintiff met the insured status requirement of the Act through March 31, 2011. (R. 23.) At step one, the ALJ found that Plaintiff has not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of May 4, 2009. (*Id.*) At step two, the ALJ found that Plaintiff had the severe impairments of status post cervical fusion, history of hypoxic ischemia encephalopathy, bilateral and brachial plexopathy with possible media neuropathy at the wrist, depression, and a generalized anxiety disorder. (*Id.*) At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of the listed impairments as found in 20 C.F.R. Part 404, Subpart P, App'x 1, particularly for listing 12.04 and 12.06 for his mental impairments. (R. 23-25.) Before step four, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work limited to simple,

repetitive, and routine jobs that do not require more than frequent balancing, stooping, crouching, kneeling, crawling, or climbing of ramps and stairs, and no more than occasional handling, fingering, and climbing of ladders, ropes, and scaffolds. (R. 25.) At step four, the ALJ determined that Plaintiff is not capable of performing any of his past relevant work. (R. 31.) However, the ALJ considered various factors such as Plaintiff's age and education to conclude that he is capable of performing jobs that exist in significant numbers in the national economy, particularly informational clerk, usher, and host jobs. (R. 31-32.)

## **DISCUSSION**

### I. **LEGAL STANDARD**

Under the Act, a person is disabled if she has an "inability to engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the Commissioner considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4). An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d

3

386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id*. The claimant bears the burden of proof at steps 1–4. *Id*. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id*.

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of a final decision of the Commissioner (here, the decision of the Appeals Council affirming the findings of the ALJ) is limited to determining whether its findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that an ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported.") (citation omitted).

The Commissioner is not required to address "every piece of evidence or testimony in the record, [but the] analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the Commissioner denies benefits to a claimant, she must "build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d 863 at 872. The written decision must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

## III. ANALYSIS

Plaintiff challenges the ALJ's decision for three reasons: (1) Plaintiff argues that the ALJ erred in failing to give any consideration to whether he met or equaled listing 1.02(b) pertaining to dysfunction of the joints; (2) Plaintiff contends that the ALJ's hypothetical questions to the VE were insufficient because they did not address his limitations in social functioning; and (3) Plaintiff argues that the ALJ's credibility determination was flawed.

As an initial matter, the Commissioner mentions a procedural issue regarding a prior DIB claim made by Plaintiff. Plaintiff filed an earlier DIB application on August 27, 2009 alleging an onset date of February 18, 2004. (R. 57.) This application was denied at the initial level on March 18, 2010. (*Id.*) Though the Commissioner argues that *res judicata* bars the current claim, the argument is procedurally incorrect. While *res judicata* bars attempts to re-litigate the same claim, a claim that one became disabled in February 18, 2004 is not the same as a claim that one became disabled on May 4, 2009, which is the alleged onset date in the present application. *See Groves v. Apfel*, 148 F.3d 809, 810-11 (7th Cir. 1998); *Rucker v. Chater*, 92 F.3d 492, 495 (7th Cir. 1996). Therefore, the current application is not barred by *res judicata*. The Court must therefore determine whether the ALJ properly analyzed whether Plaintiff was disabled for the relevant disability period beginning May 4, 2009 through his date last insured of March 31, 2011.

### A. Listing 1.02

Plaintiff first argues that the ALJ erred in failing to consider his physical impairments under listing 1.02(b) for major dysfunction of joints. At step three, the ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 23.) In making this finding, the ALJ stated that he "evaluated the claimant's impairments in the context of the Listings and conclude that he does not manifest clinical signs and findings that meet the specific criteria of any of the Listings." (*Id.*)

However, the ALJ seems to have only considered Plaintiff's mental disorders as described in Listings 12.04 for affective disorders and 12.06 for anxiety-related disorders. (*Id.*) But the ALJ previously determined at step two that Plaintiff had several physical ailments that he considered to be severe, such as status post cervical fusion and nerve damage resulting in limited motions in his wrists, which seems to fall within the criteria of Listing 1.02(b). *See* Listing 1.02(b), 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (signs of limitation of motion or other abnormal motion of the affected joint with…involvement of one major peripheral joint in each upper extremity (i.e. shoulder, elbow, or wrist-hand). Medical evidence also indicates that Plaintiff received numerous sessions of physical therapy due to ongoing pain in his hands. (R. 553.)

The Commissioner responds that Plaintiff has the burden of showing that his impairments meet a listing, and he must show that his impairments satisfy all of

7

the various criteria specified in the listing. *See Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999). However, a failure to articulate the specific listing is not harmless error where the ALJ considered the medical evidence relevant to the listing's analysis elsewhere in his written opinion. The Seventh Circuit has held that an ALJ should mention the specific listings he is considering and failing to do so, if combined with a "perfunctory analysis," may require a remand. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004); *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *see also Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir.2002).

Here, the ALJ erred in failing to specify the relevant Social Security Listings involving Plaintiff's physical impairments, and his perfunctory step three analysis failed to explain why Plaintiff's decreased hand motions did not meet or equal Listing 1.02, which involves joint dysfunction. *See Mogg v. Barnhart*, 199 F. App'x 572, 576 (7th Cir. 2006). Indeed, it is difficult to ascertain what portion of the ALJ's analysis was relevant to Listing 1.02(b). For example, the ALJ mentions Plaintiff's weakness and an August 2010 study that revealed evidence of bilateral median nerve entrapment at the wrist. (R. 26.) However, in response to this finding, the ALJ simply concluded, "there was no evidence of radiculopathy." (*Id.*) Without further explanation, the Court cannot determine whether the ALJ expressly found that Plaintiff did not meet Listing 1.02(b).

Moreover, the ALJ noted Plaintiff's improvement in his range of motion but then concluded, "[C]laimant continued to report a weak handgrip and difficulty with

8

daily activities." (R. 27.) Yet the ALJ went no further to explain this inconsistency, as he was required to do. *Banks v. Barnhart*, 63 F. App'x 929, 932 (7th Cir. 2003) (Nowhere in the decision did the ALJ identify these "significant" inconsistencies or explain how they influenced his conclusion.) Because of the ALJ's cursory analysis, the court cannot confidently conclude that the ALJ built the requisite logical bridge from the evidence to his conclusion. *See Clifford*, 227 F.3d 863 at 872. However, the Court declines Plaintiff's invitation to find that he definitively met Listing 1.02(b). Rather, the assigned error is in the ALJ's failure to consider the listing in his opinion.

   B.   <u>**VE Testimony**</u>

Plaintiff next argues that the ALJ failed to include all of his limitations in the hypothetical questions posed to the VE, specifically the limitations involving his difficulties in maintaining concentration and his moderate difficulties in social functioning. If the ALJ relies on testimony from a VE, the hypothetical question he poses must incorporate all of the claimant's limitations supported by medical evidence in the record. *See Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002). Here, it is clear the ALJ relied on the VE's testimony in his written opinion. (R. 31-32.) However, what is unclear is whether the ALJ fully accounted for Plaintiff's moderate limitations in social functioning and maintaining concentration, persistence, and pace in his written opinion. On April 14, 2011, psychologist Dr. Tyrone Hollerauer noted in his Psychiatric Review Technique Form ("PRTF") that Plaintiff had moderate

9

limitations in social functioning and maintaining concentration, persistence, and pace. (R. 606-19.) Dr. Hollerauer specifically noted that Plaintiff had problems "maintaining an adequate level of attention and concentration" and that he has social anxiety and awkwardness due to his memory issues. (R. 618.) Despite these findings, the ALJ did not factor these impairments into the hypothetical questions to the VE. Instead, the record indicates that in posing the hypothetical, the ALJ simply limited Plaintiff's mental impairments to "moderate in the ability to understand, remember, carry out detailed instructions but not precluding simple, unskilled tasks." (R. 54.) But this was not enough because employing terms like "simple, repetitive tasks" on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010).

The Commissioner responds that the ALJ did not have to consider the impairments he did not consider to be severe. Ordinarily, an ALJ's hypothetical questions to a VE "must include all limitations supported by medical evidence in the record," *Steele*, 290 F.3d 936 at 942, but "the ALJ is required only to incorporate into his hypotheticals those impairments and limitations that he accepts as credible." *Simila v. Astrue*, 573 F.3d 503, 520-21 (7th Cir. 2009). But at step two, the ALJ did find Plaintiff's depression and anxiety disorder to be severe impairments, and these are exactly the issues that Dr. Hollerauer attributed to Plaintiff's moderate limitations in social functioning. Moreover, a review of the

10

written opinion does not indicate whether the ALJ found Dr. Hollerauer's medical opinion to be consistent or inconsistent with the rest of the medical evidence on record. While the ALJ assessed the weight given to the other medical opinions on record, the ALJ did not address Dr. Hollerauer's findings, as reported in Plaintiff's mental RFC assessment and his PRTF.

Plaintiff is also correct that the ALJ appears to have elicited incomplete testimony from the VE. In his hypothetical questions to the VE, the ALJ did not address how Plaintiff's mental impairments restricted his daily activities and social functioning, nor how his memory issues affected his ability to timely complete tasks by interfering with his concentration, persistence, and pace, and his ability to socialize in any environment because his memory problems "makes it awkward in social situations." (R. 618.) As stated previously, hypothetical questions posed to VE ordinarily must include all limitations supported by medical evidence in the record. *See Cass v. Shalala*, 8 F.3d 552, 555–56 (7th Cir. 1993). "The reason for the rule is to ensure that the VE does not refer to jobs that the applicant cannot work because the expert did not know the full range of the applicant's limitations." *Steele*, 290 F.3d 936 at 942. Because the ALJ elicited insufficient testimony from the VE, and because he failed to account for Plaintiff's limitations in areas of social functioning, his determination regarding Plaintiff's ability to return to work is flawed.

C.     **Credibility Determination**

Finally, Plaintiff argues that the ALJ erred in rendering his adverse credibility determination. Since the ALJ issued his decision in this case, the SSA

11

has issued new guidance on how the agency assesses the effects of a claimant's alleged symptoms: SSR 96-7p and its focus on "credibility" has been superseded by SSR 16-3p in order to "clarify that subjective symptom evaluation is not an examination of the individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1. SSR 16-3p is a clarification the Administration's interpretation of the existing law, rather than a change to it, and therefore it can be applied to Plaintiff's case. *See Qualls v. Colvin*, No. 14 CV 2526, 2016 WL 1392320, at *6 (N.D. Ill. Apr. 8, 2016). *Hagberg v. Colvin*, No. 14 C 887, 2016 WL 1660493, at *6 (N.D. Ill. Apr. 27, 2016). Because the Court has determined that remand is necessary on other grounds, it is unnecessary to specifically analyze the credibility issue. However, on remand the ALJ should conduct a symptoms evaluation pursuant to the new SSR 16-3p.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 10] is granted, the Commissioner's motion for summary judgment [Doc. No. 18] is denied, and the matter is remanded to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**                  **ENTERED:**

**DATE:**    **August 4, 2016**                                         
                                                                        **HON. MARIA VALDEZ**
                                                                        **United States Magistrate Judge**